31

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                          Criminal No. 04-CR- 20002 -BC
                                                    05

v.

D-1   GARY J. THEUNICK ,
D-2   FREDERICK A. MACKINNON and
D-3   MAXWELL LEE GARNETT,

        Defendants.
_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### (18 U.S.C. §371)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From at least September 19, 1999 to at least June 29, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick, Frederick A.

MacKinnon and Maxwell Lee Garnett, defendants herein, did knowingly and

unlawfully conspire and agree together and with others to commit an offense or

1

offenses against the United States in violation of 26 U.S.C. §5861(b), (d), (e) and

(l), that to receive and possess a firearm as defined in 26 U.S.C. §5845(a)(6)

(machinegun) and §5845(a)(7) (silencer) transferred in violation of the provisions

of the National Firearms Act found in Chapter 53 of the Internal Revenue Code, to

receive and possess a firearm not registered to the defendants in the National

Firearms Registration and Transfer Records, to transfer a firearm in violation of

the provisions of the National Firearms Act, and to make and cause the making of

a false entry on an application and record required by the National Firearms Act,

knowing that entry to be false, all in violation of 18 U.S.C. §371.

OVERT ACTS

In furtherance of the conspiracy the following overt acts were committed:

1. Gary J. Theunick and Frederick A. MacKinnon falsely represented that

the machineguns they were purchasing were being purchased by the Ogemaw

County Prosecutor's Office when those machineguns were actually purchased by

Gary J. Theunick and Frederick A. MacKinnon.

2. Gary J. Theunick and Frederick A. MacKinnon falsely represented that

the silencers they were purchasing were being purchased by the Ogemaw County

Prosecutor's Office when those silencers were actually purchased by Gary J.

2

Theunick and Frederick A. MacKinnon.

3. Gary J. Theunick and Frederick A. MacKinnon used deception to cause the transferors (sellers) of the machineguns and silencers to apply to the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, for approval to transfer the machineguns and silencers to the Ogemaw County Prosecutor's Office.

4. Gary J. Theunick and Frederick A. MacKinnon used deception to cause the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, to approve the transfer of the machineguns and silencers to the Ogemaw County Prosecutor's Office by the transferors (sellers) when Gary J. Theunick and Frederick A. MacKinnon were the actual purchasers of the machineguns and silencers.

5. Gary J. Theunick and Frederick A. MacKinnon used deception regarding the true nature of the transactions to cause the transferors (sellers) of the machineguns and silencers to transfer those machineguns and silencers to Gary J. Theunick and Frederick A. MacKinnon in violation of the National Firearms Act because the transfers of the machineguns and silencers to Gary J. Theunick and Frederick A. MacKinnon had not been approved by the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms.

3

6. Gary J. Theunick and Frederick A. MacKinnon used deception to cause a false record to be made in the National Firearms and Transfer Record in that the machineguns and silencers transferred to Gary J. Theunick and Frederick A. MacKinnon were falsely recorded as being transferred to the Ogemaw County Prosecutor's Office.

7. Gary J. Theunick and Frederick A. MacKinnon received and possessed the machineguns and silencers which were not registered to them in the National Firearms Registration and Transfer Record.

8. When Frederick A. MacKinnon and Gary J. Theunick were about to lose their ability to use their employment at the Ogemaw County Prosecutor's Office to conceal their possession of the machineguns and silencers, Frederick A. MacKinnon falsely applied to the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, for a transfer of the machineguns and silencers to the Rose City Police Department from the Ogemaw County Prosecutor's Office.

9. By falsely representing that the machineguns and silencers were being transferred to the Rose City Police Department from the Ogemaw County Prosecutor's Office, Frederick A. MacKinnon caused the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, to approve of the purported

4

transfer.

10.  By falsely representing that the machineguns and silencers were being transferred to the Rose City Police Department from the Ogemaw County Prosecutor's Office, Frederick A. MacKinnon caused a false record to be made in the National Firearms and Transfer Record.

11.  Maxwell Lee Garnett used his position as the Chief of Police for the Rose City Police Department to facilitate the paper transfer of the registration for the machineguns and silencers to the Rose City Police Department by Frederick A. MacKinnon.

12.  Maxwell Lee Garnett allowed Gary J. Theunick and Frederick A. MacKinnon to continue to possess the machineguns and silencers after the records of the National Firearms Registration and Transfer Record were falsified by Frederick A. MacKinnon and Maxwell Lee Garnett to indicate that the machineguns and silencers had been transferred to the Rose City Police Department.

13.  Maxwell Lee Garnett, Gary J. Theunick and Frederick A. MacKinnon tried to legitimize the possession of the machineguns and silencers by Frederick A. MacKinnon and Gary J. Theunick by falsely and fraudulently representing to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, that Frederick

A. MacKinnon and Gary J. Theunick were reserve officers for the Rose City Police Department.

14. Gary J. Theunick arranged to be sworn in as a police officer to facilitate the claim that he was a reserve officer of the Rose City Police Department.

15. After the machineguns and silencers were seized by the Michigan State Police, Gary J. Theunick tried to persuade the Michigan State Police that the seizure of the machineguns and silencers by the Michigan State Police was a violation of federal law and that federal law required that possession of the machineguns and silencers be returned to the Rose City Police Department.

16. After the machineguns and silencers were seized by the Michigan State Police, Maxwell Lee Garnett contacted the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, and tried to persuade the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, to cause the Michigan State Police to return possession of the machineguns and silencers to the members of the conspiracy.

All in violation of 18 U.S.C. §371.

## COUNT 2
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1 GARY J. THEUNICK
D-2 FREDERICK A. MACKINNON

On or about September 19, 1999, in the Eastern District of Michigan,

6

Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did willfully cause, procure, counsel and advise the presentation of a document in connection with a matter arising under the Internal Revenue laws which was false and fraudulent as to a material matter, and did aid and abet each other in so doing, that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure, counsel, and advise a firearm dealer as transferor to present an Application for Tax Exempt Transfer and Registration of a Firearm to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently represented that the Ogemaw County Prosecutor's Office was to be the transferee (recipient) of a .223 caliber machinegun, serial number L078128, and that the transfer was therefore exempt from the transfer tax, a matter which was material under 26 U.S.C. §5811, when in fact the machinegun was being transferred to Gary J. Theunick and Frederick A. MacKinnon and therefore should have been subject to the transfer tax imposed by 26 U.S.C. §5811, all in violation of 26 U.S.C. §7206(2) and 18 U.S.C. §2.

### COUNT 3
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1 GARY J. THEUNICK
D-2 FREDERICK A. MACKINNON

On or about February 9, 2000, in the Eastern District of Michigan, Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

7

willfully cause, procure, counsel and advise the presentation of a document in

connection with a matter arising under the Internal Revenue laws which was false

and fraudulent as to a material matter, and did aid and abet each other in so doing,

that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure,

counsel, and advise a firearm dealer as transferor to present an Application for Tax

Exempt Transfer and Registration of a Firearm to the Department of Treasury,

Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently

represented that the Ogemaw County Prosecutor's Office was to be the transferee

(recipient) of a .45 caliber machinegun, serial number 850817, and that the

transfer was therefore exempt from the transfer tax, a matter which was material

under 26 U.S.C. §5811, when in fact the machinegun was being transferred to

Gary J. Theunick and Frederick A. MacKinnon and therefore should have been

subject to the transfer tax imposed by 26 U.S.C. §5811, all in violation of 26

U.S.C. §7206(2) and 18 U.S.C. §2.

### COUNT 4
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1    GARY J. THEUNICK
D-2    FREDERICK A. MACKINNON

On or about February 23, 2000, in the Eastern District of Michigan,

Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants

herein, did willfully cause, procure, counsel and advise the presentation of a

document in connection with a matter arising under the Internal Revenue laws

which was false and fraudulent as to a material matter, and did aid and abet each

other in so doing, that is that Gary J. Theunick and Frederick A. MacKinnon did

cause, procure, counsel, and advise a firearm dealer as transferor to present an

Application for Tax Exempt Transfer and Registration of a Firearm to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, in which it

was falsely and fraudulently represented that the Ogemaw County Prosecutor's

Office was to be the transferee (recipient) of a 9mm machinegun, serial number

HT014797, and that the transfer was therefore exempt from the transfer tax, a

matter which was material under 26 U.S.C. §5811, when in fact the machinegun

was being transferred to Gary J. Theunick and Frederick A. MacKinnon and

therefore should have been subject to the transfer tax imposed by 26 U.S.C.

§5811, all in violation of 26 U.S.C. §7206(2) and 18 U.S.C. §2.

### COUNT 5
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1  GARY J. THEUNICK
D-2  FREDERICK A. MACKINNON

On or about March 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

willfully cause, procure, counsel and advise the presentation of a document in

connection with a matter arising under the Internal Revenue laws which was false

9

and fraudulent as to a material matter, and did aid and abet each other in so doing, that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure, counsel, and advise a firearms dealer as transferor to present an Application for Tax Exempt Transfer and Registration of a Firearm to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently represented that the Ogemaw County Prosecutor's Office was to be the transferee (recipient) of a .22 caliber silencer, serial number SDS-R-101, and that the transfer was therefore exempt from the transfer tax, a matter which was material under 26 U.S.C. §5811, when in fact the silencer was being transferred to Gary J. Theunick and Frederick A. MacKinnon and therefore should have been subject to the transfer tax imposed by 26 U.S.C. §5811, all in violation of 26 U.S.C. §7206(2) and 18 U.S.C. §2.

## COUNT 6
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1  GARY J. THEUNICK
D-2  FREDERICK A. MACKINNON

On or about March 19, 2000, in the Eastern District of Michigan, Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did willfully cause, procure, counsel and advise the presentation of a document in connection with a matter arising under the Internal Revenue laws which was false and fraudulent as to a material matter, and did aid and abet each other in so doing,

10

that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure,

counsel, and advise a firearm dealer as transferor to present an Application for Tax

Exempt Transfer and Registration of a Firearm to the Department of Treasury,

Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently

represented that the Ogemaw County Prosecutor's Office was to be the transferee

(recipient) of a .22 caliber silencer, serial number SDS-R-102, and that the transfer

was therefore exempt from the transfer tax, a matter which was material under 26

U.S.C. §5811, when in fact the silencer was being transferred to Gary J. Theunick

and Frederick A. MacKinnon and therefore should have been subject to the

transfer tax imposed by 26 U.S.C. §5811, all in violation of 26 U.S.C. §7206(2)

and 18 U.S.C. §2.

### COUNT 7
### (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about March 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

willfully cause, procure, counsel and advise the presentation of a document in

connection with a matter arising under the Internal Revenue laws which was false

and fraudulent as to a material matter, and did aid and abet each other in so doing,

that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure,

11

counsel, and advise a firearm dealer as transferor to present an Application for Tax

Exempt Transfer and Registration of a Firearm to the Department of Treasury,

Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently

represented that the Ogemaw County Prosecutor's Office was to be the transferee

(recipient) of a .22 caliber silencer, serial number SDS-R-105, and that the transfer

was therefore exempt from the transfer tax, a matter which was material under 26

U.S.C. §5811, when in fact the silencer was being transferred to Gary J. Theunick

and Frederick A. MacKinnon and therefore should have been subject to the

transfer tax imposed by 26 U.S.C. §5811, all in violation of 26 U.S.C. §7206(2)

and 18 U.S.C. §2.

## COUNT 8
## (26 U.S.C. §7206(2) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about March 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

willfully cause, procure, counsel and advise the presentation of a document in

connection with a matter arising under the Internal Revenue laws which was false

and fraudulent as to a material matter, and did aid and abet each other in so doing,

that is that Gary J. Theunick and Frederick A. MacKinnon did cause, procure,

counsel, and advise a firearm dealer as transferor to present an Application for Tax

Exempt Transfer and Registration of a Firearm to the Department of Treasury,

Bureau of Alcohol, Tobacco and Firearms, in which it was falsely and fraudulently

represented that the Ogemaw County Prosecutor's Office was to be the transferee

(recipient) of a .22 caliber silencer, serial number SDS-R-106, and that the transfer

was therefore exempt from the transfer tax, a matter which was material under 26

U.S.C. §5811, when in fact the silencer was being transferred to Gary J. Theunick

and Frederick A. MacKinnon and therefore should have been subject to the

transfer tax imposed by 26 U.S.C. §5811, all in violation of 26 U.S.C. §7206(2)

and 18 U.S.C. §2.

### COUNT 9
### (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From on or about September 28, 1999, to on or about June 1, 2001, in the

Eastern District of Michigan, Northern Division, Gary J. Theunick and Frederick

A. MacKinnon, defendants herein, did knowingly possess, aided and abetted by

each other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a .223 caliber machinegun,

serial number L078128, a firearm under 26 U.S.C. §5845(a)(6), in violation of 26

U.S.C. §5861(d) and 18 U.S.C. §2.

## COUNT 10
## (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1  GARY J. THEUNICK
D-2  FREDERICK A. MACKINNON
D-3  MAXWELL LEE GARNETT

From on or about February 23, 2000, to on or about June 1, 2001, in the

Eastern District of Michigan, Northern Division, Gary J. Theunick and Frederick

A. MacKinnon, defendants herein, did knowingly possess, aided and abetted by

each other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a 9mm machinegun, serial

number HT014797, a firearm under 26 U.S.C. §5845(a)(6), in violation of 26

U.S.C. §5861(d) and 18 U.S.C. §2.

## COUNT 11
## (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1  GARY J. THEUNICK
D-2  FREDERICK A. MACKINNON
D-3  MAXWELL LEE GARNETT

From on or about March 2, 2000, to on or about June 1, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick and Frederick A.

MacKinnon, defendants herein, did knowingly possess, aided and abetted each

other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

14

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a .45 caliber machinegun, serial

number 850817, a firearm under 26 U.S.C. §5845(a)(6), in violation of 26 U.S.C.

§5861(d) and 18 U.S.C. §2.

**COUNT 12**
**(26 U.S.C. §5861(d) and 18 U.S.C. §2)**

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From on or about June 27, 2000, to on or about June 1, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick and Frederick A.

MacKinnon, defendants herein, did knowingly possess, aided and abetted by each

other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a .22 caliber silencer, serial

number SDS-R-101, a firearm under 26 U.S.C. §5845(7), in violation of 26 U.S.C.

§5861(d) and 18 U.S.C. §2.

## COUNT 13
## (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From on or about June 27, 2000, to on or about June 1, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick and Frederick A.

MacKinnon, defendants herein, did knowingly possess, aided and abetted by each

other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a . 22 caliber silencer, serial

number SDS-R-102, a firearm under 26 U.S.C. §5845(7), in violation of 26 U.S.C.

§5861(d) and 18 U.S.C. §2.

## COUNT 14
## (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From on or about June 27, 2000, to on or about June 1, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick and Frederick A.

MacKinnon, defendants herein, did knowingly possess, aided and abetted by each

other and Maxwell Lee Garnett, also a defendant herein, a firearm not registered to

Gary J. Theunick nor Frederick A. MacKinnon in the National Firearms

Registration and Transfer Record, that is a .22 caliber silencer, serial number SDS-

R-105, a firearm under 26 U.S.C. §5845(7), in violation of 26 U.S.C. §5861(d) and

18 U.S.C. §2.

## COUNT 15
### (26 U.S.C. §5861(d) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON
D-3   MAXWELL LEE GARNETT

From on or about June 27, 2000, to on or about June 1, 2001, in the Eastern

District of Michigan, Northern Division, Gary J. Theunick and Frederick A.

MacKinnon, defendants herein, did knowingly possess, aided and abetted by each

other and by Maxwell Lee Garnett, also a defendant herein, a firearm not

registered to Gary J. Theunick nor Frederick A. MacKinnon in the National

Firearms Registration and Transfer Record, that is a .22 caliber silencer, serial

number SDS-R-106, a firearm under 26 U.S.C. §5845(7), in violation of 26 U.S.C.

§5861(d) and 18 U.S.C. §2.

## COUNT 16
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about September 19, 1999, in the Eastern District of Michigan,

Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants

herein, did aid and abet each other in causing the making of a false entry on an

application and record required by the National Firearms Act found in Chapter 53

of the Internal Revenue Code, knowing the same to be false, in that Gary J.

Theunick and Frederick A. MacKinnon caused a firearm dealer to falsely represent

to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a .223

caliber machinegun with serial number L078128 was being transferred to the

Ogemaw County Prosecutor's Office, Gary J. Theunick and Frederick A.

MacKinnon knowing that the machinegun was not being transferred to the

Ogemaw County Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18

U.S.C. §2.

## COUNT 17
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about February 9, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

aid and abet each other in causing the making of a false entry on an application

and record required by the National Firearms Act found in Chapter 53 of the

Internal Revenue Code, knowing the same to be false, in that Gary J. Theunick and

Frederick A. MacKinnon caused a firearm dealer to falsely represent to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a .45

machinegun with serial number 850817 was being transferred to the Ogemaw

County Prosecutor's Office, Gary J. Theunick and Frederick A. MacKinnon

knowing that the machinegun was not being transferred to the Ogemaw County

Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

### COUNT 18
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about February 23, 2000, in the Eastern District of Michigan,

Northern Division, Gary J. Theunick and Frederick A. MacKinnon, defendants

herein, did aid and abet each other in causing the making of a false entry on an

application and record required by the National Firearms Act found in Chapter 53

of the Internal Revenue Code, knowing the same to be false, in that Gary J.

Theunick and Frederick A. MacKinnon caused a firearm dealer to falsely represent

to the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a 9mm

machinegun with serial number HT014797 was being transferred to the Ogemaw

County Prosecutor's Office, Gary J. Theunick and Frederick A. MacKinnon

knowing that the machinegun was not being transferred to the Ogemaw County

Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

## COUNT 19
## (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about May 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

aid and abet each other in causing the making of a false entry on an application

and record required by the National Firearms Act found in Chapter 53 of the

Internal Revenue Code, knowing the same to be false, in that Gary J. Theunick and

Frederick A. MacKinnon caused a firearm dealer to falsely represent to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a .22

caliber silencer with serial number SDS-R-101 was being transferred to the

Ogemaw County Prosecutor's Office, Gary J. Theunick and Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Ogemaw

County Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

## COUNT 20
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about May 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

aid and abet each other in causing the making of a false entry on an application

and record required by the National Firearms Act found in Chapter 53 of the

Internal Revenue Code, knowing the same to be false, in that Gary J. Theunick and

Frederick A. MacKinnon caused a firearm dealer to falsely represent to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a .22

caliber silencer with serial number SDS-R-102 was being transferred to the

Ogemaw County Prosecutor's Office, Gary J. Theunick and Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Ogemaw

County Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

## COUNT 21
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about May 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

aid and abet each other in causing the making of a false entry on an application

and record required by the National Firearms Act found in Chapter 53 of the

Internal Revenue Code, knowing the same to be false, in that Gary J. Theunick and

Frederick A. MacKinnon caused a firearm dealer to falsely represent to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a .22

caliber silencer with serial number SDS-R-105 was being transferred to the

Ogemaw County Prosecutor's Office, Gary J. Theunick and Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Ogemaw

County Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

## COUNT 22
### (26 U.S.C. §5861(l) and 18 U.S.C. §2)

D-1   GARY J. THEUNICK
D-2   FREDERICK A. MACKINNON

On or about May 19, 2000, in the Eastern District of Michigan, Northern

Division, Gary J. Theunick and Frederick A. MacKinnon, defendants herein, did

aid and abet each other in causing the making of a false entry on an application

and record required by the National Firearms Act found in Chapter 53 of the

Internal Revenue Code, knowing the same to be false, in that Gary J. Theunick and

Frederick A. MacKinnon caused a firearm dealer to falsely represent to the

Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, on an

Application for Tax Exempt Transfer and Registration of a Firearm that a . 22

caliber silencer with serial number SDS-R-106 was being transferred to the

Ogemaw County Prosecutor's Office, Gary J. Theunick and Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Ogemaw

County Prosecutor's Office, in violation of 26 U.S.C. §5861(l) and 18 U.S.C. §2.

**COUNT 23**
**(26 U.S.C. §5861(l))**

D-2 FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .45 caliber machinegun with serial number

850817 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the machinegun was not being transferred to the Rose

City Police Department, in violation of 26 U.S.C. §5861(l).

## COUNT 24
## (26 U.S.C. §5861(l))

D-2   FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .223 caliber machinegun with serial number

L078128 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the machinegun was not being transferred to the Rose

City Police Department, in violation of 26 U.S.C. §5861(l).

## COUNT 25
## (26 U.S.C. §5861(l))

D-2   FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a 9mm machinegun with serial number

HT014797 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the machinegun was not being transferred to the Rose

City Police Department, in violation of 26 U.S.C. §5861(l).

**COUNT 26**
**(26 U.S.C. §5861(l))**

D-2    FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .22 caliber silencer with serial number SDS-R-

101 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Rose City

Police Department, in violation of 26 U.S.C. §5861(l).

**COUNT 27**
**(26 U.S.C. §5861(l))**

D-2   FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .22 caliber silencer with serial number SDS-R-

102 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Rose City

Police Department, in violation of 26 U.S.C. §5861(l).

**COUNT 28**
**(26 U.S.C. §5861(l))**

D-2   FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .22 caliber silencer with serial number SDS-R-

105 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Rose City

Police Department, in violation of 26 U.S.C. §5861(l).

## COUNT 29
## (26 U.S.C. §5861(l))

D-2    FREDERICK A. MACKINNON

On or about November 8, 2000, in the Eastern District of Michigan,

Northern Division, Frederick A. MacKinnon, defendant herein, did make a false

entry on an application and record required by the National Firearms Act found in

Chapter 53 of the Internal Revenue Code, knowing the same to be false, in that

Frederick A. MacKinnon falsely reported to the Department of Treasury, Bureau

of Alcohol, Tobacco and Firearms, on an Application for Tax Exempt Transfer

and Registration of a Firearm that a .22 caliber silencer with serial number SDS-R-

106 was being transferred to the Rose City Police Department, Frederick A.

MacKinnon knowing that the silencer was not being transferred to the Rose City

Police Department, in violation of 26 U.S.C. §5861(l).

## SENTENCING ALLEGATIONS

The grand jury also charges that the following sentencing factors apply to

the above counts in the indictment against the defendants, Gary J. Theunick,

Frederick A. MacKinnon and Maxwell Lee Garnett, as indicated:

1. Each offense charged above under 26 U.S.C. §7206(2) and 18 U.S.C.
§371 involved with the use of sophisticated means by each defendant. USSG
§2T1.4(b)(2).

2. Each offense charged above involved a firearm described in 26 U.S.C.
§5845(a). USSG §2K2.1(a)(5).

3. The offenses charged above involved three or more firearms. USSG
§2K2.1(b)(1).

4. Each of the defendants abused a position of public trust in a manner that
significantly facilitated the commission or concealment of each of the offenses
charged against each of them above. USSG §3B1.3.

5. Each of the defendants used a special skill in a manner that significantly
facilitated the commission or concealment of each of the offenses charged against
each of them above. USSG. §3B1.3.

6. Gary J. Theunick and Maxwell Lee Garnett willfully attempted to
obstruct or impede the administration of justice during the course of the
investigation and did so in relation to the above offenses, and any relevant

28

conduct, by attempting to persuade investigators to surrender possession of the

machineguns and silencers when the machineguns and silencers were in the

custody of the investigators pursuant to the investigation. USSG §3C1.1.

7. Upon conviction of multiple counts, each defendant may be subject to

the guidelines for grouping of multiple counts found in USSG §3D1.1 through

§3D1.5.

### COUNT 30
### (26 U.S.C. § 5872)

D-1  GARY J. THEUNICK
D-2  FREDERICK A. MACKINNON
D-3  MAXWELL LEE GARNETT

Upon conviction of Gary J. Theunick, Frederick A. MacKinnon or Maxwell

Lee Garnett for one or more of the offenses alleged in this indictment, the

defendant so convicted shall forfeit to the United States, pursuant to 26 U.S.C.

§ 5872, his interest in all firearms involved in or used in the commission of the

offense, including but not limited to the following:

### **FIREARMS**

1.  One .22 caliber silencer, serial number SDS-R-101;

2.  One .22 caliber silencer, serial number SDS-R-102;

3.  One .22 caliber silencer, serial number SDS-R-105;

29

4.    One .22 caliber silencer, serial number SDS-R-106;

5.    One 9mm machinegun, serial number HT014797;

6.    One .223 caliber machinegun, serial number L078128; and

7.    One .45 caliber machinegun, serial number 850817.

Date:    1/12/05

**THIS IS A TRUE BILL**

FOREPERSON (2004-1)

CRAIG S. MORFORD
United States Attorney

Michael J. Hluchaniuk (P15007)
Supervisory Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, MI  48708
(989) 895-5712

Janet L. Parker (P34931)
Assistant U.S. Attorney
janet.parker2@usdoj.gov

30

# Criminal Case Cover Sheet

**United States District Court**
**Eastern District of Michigan**

Case No. ~~04~~-CR- ~~20002~~-BC
05    20002

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Companion Case Number: |
| | Judge Assigned: |
| ☐ Yes      XX☐ No | AUSA's Initials: |

**Case Title:** USA v. GARY J. THEUNICK, et al.

**County where offense occurred :**   Ogemaw

**Check One:**      X **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

XX☐   Indictment_XX_/Information_____   **no** prior complaint.
☐      Indictment_____/Information_____   based upon prior complaint [**Case number:** 00-CR--BC ]
☐      Indictment_____/Information_____   based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

# Superseding Case Information:

**Superseding to Case No:** _____ **Judge:** _____

☐      Original case was terminated; no additional charges or defendants.
☐      Corrects errors; no additional charges or defendants.
☐      Involves, for plea purposes, different charges or adds counts.
☐      Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                                    **Charges**

January 12, 2005
Date

Janet L. Parker (P34931)
Assistant United States Attorney
Phone (989) 895-5712

---

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same of related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99