UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                           File No. 05-20002
                                                  Judge David M. Lawson

v.

D-1    GARY J. THEUNICK,

          Defendant.

_____/

## RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

For the reasons stated in the brief below, the United States opposes the

defendant's motion for a bill of particulars.

## BRIEF IN SUPPORT OF RESPONSE

Defendant Theunick has made a motion for a bill of particulars.  The Sixth

Circuit has recognized that when an indictment is sufficient to withstand a motion

to dismiss but insufficient to enable a defendant to prepare for trial, a request for a

bill of particulars is the appropriate remedy.  *United States v. Branan*, 457 F.2d

1062, 1065 (6th Cir. 1972); *United States v. Maselli*, 534 F.2d 1197, 1201 (6th Cir.

1976).  However, the United States submits that this is not an appropriate case for

the court to exercise its discretion and grant the defendant's motion for a bill of

particulars.

As the Sixth Circuit has observed:

> The purposes of a bill of particulars are to inform the defendant of the
> nature of the charge against him with sufficient precision to enable
> him to prepare for trial, to avoid or minimize the danger of surprise at
> the time of trial, and to enable him to plead his acquittal or conviction
> in bar of another prosecution for the same offense when the
> indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).  *Accord, United States*

*v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Gullett*, 713 F.2d

1203, 1212 (6th Cir. 1983), *cert. denied*, 464 U.S. 1069 (1984).  A bill of

particulars is not necessary under the circumstances presented in this case.

A motion for a bill of particulars is not to be used as a tool for obtaining

general discovery.  *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978), *cert.*

*denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979); *United States v*

*Austin*, 99 F.R.D. 292, 302 (W.D. MI. 1983).  A bill of particulars may not be used

to obtain disclosure of the government's legal theories.  *United States v. Mount Fuji*

*Japanese Steak House, Inc.*, 435 F.Supp. 1194, 1198 (E.D.N.Y. 1977).  While Rule

16 discovery is mandatory, a motion for a bill of particulars is committed to the

discretion of the trial judge upon a specific showing of need.  <u>Compare</u> Rule 16(a)

<u>with</u> Rule 7(f), *Turner v. United States*, 426 F.2d 480, 483 (6th Cir. 1970), *cert.*

*denied*, 402 U.S. 982 (1971).  A bill of particulars is needed only if the indictment

is so sparse that the defendant cannot prepare for trial or cannot raise a double

jeopardy claim in the present or subsequent case.  *See United States v. Birmley,* 529

F.2d 103, 108 (6th Cir. 1976).  *Accord, United Sates v. Gullett*, 713 F.2d 1203,

1212 (6th Cir. 1983), *cert. denied*, 464 U.S. 1069 (1984).  Defendant should not be

permitted to use a Rule 7(f) motion to acquire information not available under Rule

16.

   This is not a case where the court needs to exercise its discretion and grant

defendant's motion for a bill of particulars in whole or in part.  The government has

already gone well beyond the scope of discovery required by Rule 16 in this case.

By way of example, the government has already disclosed grand jury testimony

and exhibits (see attached list).  Such premature disclosure is not required and has

been made voluntarily despite the government's ability to withhold such discovery

under the Jencks Act, 18 U.S.C. section 3500.

   The defendant's "factual" and legal assertions in his motion for a bill of

particulars are in no way conceded by the government.  However, based on the

discovery provided, the defendant has available to him the information that he seeks in his motion for a bill of particulars.

Defendant Theunick already has received, for example, affidavits by Gary Schaible, Kent Cousins, and Maurice Walker (see attached list, entries for April 7, 2005, p. 88 and April 20, 2005, pp. 99, 100). The affiants in those affidavits state, in essence, that they would not have approved of the transfer of various silencers and machineguns if they had been accurately informed of the circumstances surrounding those transfers.

The defendant has received from the government a copy of a May 16, 2001 letter from the Michigan Commission of Law Enforcement Standards (see attached list, entry for February 16, 2005, pp. 56-57), which indicates that the defendant's law enforcement certification had expired in 1999.[1]  He has also received records indicating that the defendant worked for Rose City for 5 hours during the week of May 12, 2001, and for 3.5 hours the week of May 26, 2001.  (see attached list, entries for February 16, 2005, pp. 55, 68).[2]

---

[1]  The defendant has not provided any reciprocal discovery indicating that he was a certified law enforcement officer during the time provided specified in the indictment.

[2]  The defendant has not provided any reciprocal discovery showing that he worked as a police officer for the Rose City Police Department on any other occasions during the time period specified in the indictment.

The defendant has received a report of interviews conducted by an ATF agent with Michael Thomas, Saginaw County Prosecutor, and Arthur Busch, former Genesee County prosecutor.  Both prosecutors essentially indicated that they did not have a need to have machineguns and silencers for their respective offices.  (see entry for April 27, 2005, p. 115).

The defendant also has received a copy of a tape-recorded telephone interview he had on June 3, 2001 with the Michigan State Police.  (see entry for March 11, 2005).  During that conversation the defendant states (among other things) that he and his co-defendant, Mr. MacKinnon, purchased the charged machinegun and silencers with personal funds.

Given the scope of discovery provided to the defendant and sampled above, the discovery provided to the defendant is hardly insufficient to enable the defendant to prepare to meet the charges in the indictment.  Since the defendant does not claim that he was previously prosecuted for the same offenses, it does not appear that he needs a bill of particulars to raise a double jeopardy defense in the present case.  Denying the motion in this case would not bar the defendant from seeking a bill of particulars in a subsequent case if such were to arise.  Thus, of the two permissible purposes of a motion for a bill of particulars – preparing to meet

the charges and raising a claim of double jeopardy, rather than attempting to obtain

disclosure of the government's legal theories – the former has already been and

continues to be satisfied in the course of discovery provided by the government

and the second permissible purpose is absent.

  Contrary to the implication in defendant's motion, the United States has

given and will continue to give defense counsel discovery complying with and

exceeding that required under Rule 16.  The discovery which has already been

provided by the government is significant.  The government has acknowledged that

it has a continuing obligation under Rule 16 to provide discovery as supplemental

reports or other evidence come to light.  Indeed, the government's willingness to

adhere to its obligation to provide discovery on an on-going basis is confirmed by

the disclosure dates in the attached discovery list.

  In view of the government's liberal discovery policy and its acknowledgment

of the continuing obligation to provide discovery, there is no need for a bill of

particulars in this case.  *See, United States v. Canino*, 949 F.2d 928, 949 (7th Cir.

1991), *cert. denied*, 504 U.S. 910 (1992).  The government has given and will

continue to give the defendant everything which the government intends to use in

its case-in-chief.  A bill of particulars, if ordered, would be nothing more than a

restatement of information already disclosed.  Indeed, it is difficult to imagine how

the government could do more than it has already done -- provide everything

which it intends to use and promise to give anything more which may become

available.  The government is not obligated to do more.

Therefore, all of the objectives which a bill of particulars is intended to serve

have been met or are not in issue.  Accordingly, defendant's request for a bill of

particulars should be denied.

Dated:  May 16, 2005                         Respectfully submitted,
                                             STEPHEN J. MURPHY
                                             United States Attorney


                                             s/Janet L. Parker (P34931)
                                             Assistant U.S. Attorney
                                             101 First Street, Suite 200
                                             Bay City, Michigan  48708
                                             (989)  895-5712
                                             janet.parker2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2005, the foregoing document was electronically filed, by an employee of the United States Attorney's Office, with the Clerk of the Court using the ECF system, which will automatically send notification to the following:

William Brisbois
Attorney at Law

I hereby certify that an employee of the United States Attorney's Office mailed by United States Postal Service the document to the following non-ECF participants:

Richard L. Lee, Jr.
Attorney at Law
213 E. Main St.
Midland, MI 48640

David M. McCleary
William H. Van Dusen, Jr.
Attorneys at Law
2636 Dixie Highway
Waterford, MI 48328

s/Janet L. Parker (P34931)
Assistant United States Attorney
101 First Street, Suite 200
Bay City, MI  48708
Phone:  (989) 895-5712
E-Mail:  janet.parker2@usdoj.gov