UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           File No. **05-CR-20002-BC**
                                                  Judge David M. Lawson

v.

D-1   GARY J. THEUNICK,

       Defendant.

_____/

## GOVERNMENT'S RESPONSE TO MOTION FOR DISCOVERY FILED ON MAY 27, 2005

The government incorporates its response, R. 33, to Theunick's originally filed and subsequently stricken motion for discovery.[1] In addition, the government submits the additional response below. For all of the reasons provided, the government submits that the motion should be denied as moot.[2]

---

[1] The allegation that the original motion fails to comply with the local court rules is not pertinent to the current motion.

[2] To the extent that a response is required to defense counsel's allegation that the undersigned did not return their call of May 24, 2005, the undersigned responds that she called defense counsel on May 23, 3005 and was told that counsel was in and would be able to return her call shortly. No return call was received that day. The undersigned did return defense counsel's call on May 24, 2005 when she had an opportunity to do so but was unable to speak to counsel. She left a voice mail message but received no response to that message.

## **BRIEF**[3]

The fundamental error which appears to underly defendant's discovery motion is the premise that the government is obligated to obtain for the defendant anything that the defendant considers helpful to his defense. Such is simply not the case. Rule 16 of the Federal Rules of Criminal Procedure would be a much shorter rule if the rule was consistent with the defendant's concept of criminal discovery: The rule would simply state that the government is obligated to give a defendant anything the defendant requests. Rule 16, in contrast, is far more specific and confined in its scope.

Defendant's discovery demands are also, in many respects, demands for information to which counsel for the United States has no greater access than the defendant. See *e.g.* paragraphs 2, 3, 6, 7, 8, 9, 10, 11 and 15 (as the latter relates to state search warrants).[4] In addition, the government submits that the defendant has superior access to the matters sought via paragraph 11.

As for the items listed in paragraphs 1, 5, 12, 13 and 16, the government

---

[3] The government does not concede the allegations in Theunick's "Statement of Facts" but submits that the factual disputes need not be resolved before the merits of defendant's motion may be addressed.

[4] The relevancy of many of the matters sought in these paragraphs is also in question. If the defendant obtains those materials and provides reciprocal discovery, the government hereby preserves its relevancy objection.

submits that those have already been provided. (See attached discovery list). Government's counsel is mindful of the obligation to provide reciprocal discovery if additional documents are discovered subsequent to this writing.

There are no documents which are of the type sought in paragraph 4. Likewise, relative to paragraph 15, no federal search warrant was sought for any place connected to the charges in this case. See also above regarding paragraph 15.

Finally, the government states that the taped conversations between Anthony Eno and Maxwell Garnett, see paragraph 14, relate only to the charges in *United States v. Garnett*, number 04-CR-20057, in which Garnett is the sole defendant. The taped conversations between Garnett and Eno have been given to William Brisbois, counsel for Garnett, as part of the discovery in that case.[5] If counsel for Theunick wishes to have a copy of those tapes, the copies may be obtained from William Brisbois. The tapes do not relate to the charges in the indictment against Theunick and will not be part of the government's case in this matter.

---

[5] William Brisbois represents Garnett in this case as well as in the case where Garnett is the only defendant.

For all the reasons given above, Theunick's discovery motion should be denied.

Respectfully submitted,

Dated:  June 7, 2005

STEPHEN J. MURPHY
United States Attorney

s/Janet L. Parker
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, Michigan  48708
(989)  895-5712
janet.parker2@usdoj.gov
Bar No.:  P34931

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2005, the foregoing document was electronically filed, by an employee of the United States Attorney's Office, with the Clerk of the Court using the ECF system, which will automatically send notification to the following:

William Brisbois
Attorney at Law

I hereby certify that an employee of the United States Attorney's Office mailed by United States Postal Service the document to the following non-ECF participants:

Richard L. Lee, Jr.
Attorney at Law
213 E. Main St.
Midland, MI 48640

David M. McCleary and William H. Van Dusen, Jr.
Attorney at Law
2636 Dixie Highway
Waterford, MI 48328

s/Janet L. Parker
Assistant United States Attorney