UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,         Case No. 05-CR-20002-BC
                                  HONORABLE ROBERT CLELAND
vs.

D-1 GARY J. THEUNICK
D-2 FREDERICK A. MACKINNON
D-3 MAXWELL LEE GARNETT

| | |
|---|---|
| Stephen J. Murphy (P58137)<br>United States Attorney<br>By: Janet L. Parker (P34931) AUSA<br>101 First Street, Suite 200<br>Bay City, Michigan 48708<br>(989) 895-5712<br>janet.parker2@usdoj.gov | David M. McCleary (P36290)<br>Attorney for Defendant Theunick<br>2636 Dixie Highway<br>Waterford, Michigan 48328<br>(248) 674-1716<br>dmmccleary@att.net |
| Richard L. Lee, Jr. (P24253)<br>Attorney for Defendant MacKinnon<br>213 E. Main Street<br>Midland, Michigan 48640<br>(989) 631-8104 | William H. Van Dusen, Jr. (P23704)<br>Attorney for Defendant Theunick<br>2636 Dixie Highway<br>Waterford, Michigan 48328<br>(248) 618-9430<br>whvandusen@comcast.net<br>whvandusen@aol.com |
| James H. Mathieu (P26565)<br>Attorney for Defendant MacKinnon<br>213 E. Main Street<br>Midland, Michigan 48640<br>(989) 631-8104<br>jhmathieu@chartermi.net | William A. Brisbois (P26307)<br>Attorney for Defendant Garnett<br>1107 Gratiot Avenue<br>Saginaw, Michigan 48602<br>(989) 799-6000<br>WABrisbois@charterinternet.com |

MOTION FOR DEPARTURE AND/OR VARIANCE

  NOW COMES the Defendant, Gary J. Theunick, by and through his attorneys, David M. McCleary and William H. Van Dusen, Jr. and hereby requests the Court to depart and/or grant a variance from the applicable sentencing guidelines in this matter based upon the brief attached hereto.

|  |  |
|---|---|
|  | S/ David M. McCleary |
| January 25, 2008 | DAVID M. MCCLEARY (P36290) |
|  | Attorney for Gary J. Theunick |
|  |  |
| January 25, 2008 | S/William H. Van Dusen, J. |
|  | WILLIAM H. VAN DUSEN, JR. (P23704) |
|  | Attorney for Gary J. Theunick |

BRIEF IN SUPPORT OF MOTTION

Under the sentencing guidelines § 5K2.0 (a) (4) specifically allows this Court to look at the offender characteristics contained in § 5H1.1 through 5H1.12 in considering whether the Court will grant a departure in a particular case. Defendant Theunick believes that a number of the factors under § 5H would mitigate in favor of a departure in this situation. Mr. Theunick is a man in poor physical condition who may not be able to withstand the riggers of a prison sentence. He has significant health problems, including severe and poorly managed high blood pressure problems which requires him to take multiple medications in order to sustain himself on a daily basis. Considering the precarious physical condition of Mr. Theunick he would argue that home confinement would be as efficient as incarceration in a penal institution and likely less costly. This argument is made pursuant to 5H1.1 and is made in conjunction with § 5H1.4 wherein the physical condition of the Defendant may be taken into consideration. As the Court was well aware of during the course of the Trial in this matter Mr. Theunick had difficulty sitting for long periods of time. His physical limitations could cause him difficulty if he was incarcerated in a penal institution. It should be noted that due to Mr. Theunick's physical limitations and his age the sentence in the guideline range would be unequal to a same sentence for a younger Defendant which should be taken into consideration by this Court. See US v O'Brien 950 F 2nd 969 (5th Circuit 1991).

Under § 5H1.5 Defendant Theunick believes that this Court should take into consideration his employment record. Mr. Theunick served as the Ogemaw County

Prosecutor Chief Assistant Prosecutor and previously had been a police officer for in excess of 20 years in the mid-Michigan area, serving much of his time in an undercover investigative capacity in the war on drugs. Aside from the matters which lead him before this Court he performed admirably in his job and could present to the Court numerous references as to what a public servant he was, and that he had an absolutely unblemished record.

The Court should take into consideration the unusual nature of this particular offense wherein Thuenick specifically called ATF and got clearance as to the transfers and further the Attorney General's Office indicated that while the possession of these weapons may have been a technical offense they did not believe that there was any intent by any of the parties to commit a criminal act.

It should also be noted that Mr. Theunick has lost his license to practice law as a result of these charges which is not adequately reflected in the guideline calculations and therefore should be taken in consideration under § 5H1.5.

5H1.11 refers to public service and other good works performed by the Defendant and it should be noted the public service that Mr. Theunick provided to the citizens of Michigan when he was both a Police Officer and Assistant Prosecutor. While Defendant Theunick recognizes that any one of these specific offender characteristics under § 5H would not result in a departure in and of itself the combination of those outlined above could allow this Court to depart from the sentencing guideline range as contained in Mr. Theunick's Pre-Sentence Report. Defendant Theunick believes that under § 5K2.0 (a) (4) that the combination of these factors fulfill the exceptional degree requirement to allow any downward departure of the guidelines.

Additionally Mr. Theunick would refer this Court to the Supreme Court decision in *Coon v. United States* 518 U.S.81, 116 S CT 2035, 135 LED 2nd 392 (1996) wherein a downward departure was affirmed because of the susceptibility to abuse in prison. It cannot be minimized that Mr. Theunick for almost 30 straight years was involved in putting dangerous criminals in the prison system and on occasion even assisted the Federal Government in convicting prisoners with cooperation and referrals to the Federal system. As a consequence Mr. Theunick argues to this Court that if he was given a prison sentence that he would be subject to extreme vulnerability within the prison system because of his past as a Police Officer and Prosecutor. In *Coon v. United States, Supra* the officer's who beat Rodney King were granted a downward departure just because of their positions as police officers so it is not unreasonable for Defendant Theunick to request such a departure in this particular case.

Prior to *United States v. Booker* 543 U.S. 220 (2005) the sentencing guidelines were mandatory. After the *Booker* decision the sentencing guidelines are now advisory and the Court may vary from the guidelines based upon the factors in 18 U.S.C. §3553. Trial Courts now have much more discretion in individualizing a sentence for a particular Defendant.

As it was indicated by The United States Supreme Court in *Gall v. United States*, 128 S. Ct. 586 (2007) the sentencing Court must first correctly calculate the applicable guideline range and then the sentencing Judge should consider all of the factors of §3553 (a) to determine the appropriate sentence. *Gall* supra indicated that they no longer require extraordinary circumstances to sentence outside the guideline range. The 8th Circuit in

*United States v. Lehmann,* No. 06-3597 (8th Cir. Jan. 17, 2008) specifically found that even though the guideline range was 37 to 46 months' found that a downward departure or variance to a sentence of probation was permissible if the Court found that the factors of § 3553 (a) justified such a departure or variance.

There are seven factors in 18 U.S.C. § 3553 which the sentencing Court should specifically look at in determining an individualized sentence for a Defendant.

Under 18 U.S.C. § 3553 (a) (1) the Court should look at the nature and circumstances of the offense and the history and characteristics of the Defendant. It is Defendant Theunick's position that such analysis would mitigate against the guideline sentence. It should be noted that Defendant Theunick is a retired police officer and prosecutor, and has never previously had any legal difficulties.

Under 18 U.S.C. § 3553 (a) (2) an analysis of the factors contained therein could also mitigate against the guideline sentence with regards to Defendant Theunick. With regards to deterrence the ATF agents testified that a Prosecutor's Office had never purchased these items before and therefore there is no need to deter others from committing a crime similar to Mr. Theunick's. With regards to protecting the public, considering Mr. Theunick's past and the nature of the offense the Defendant poses absolutely no danger to the public if he were granted probation in this matter. Lastly under § (2) the Court should look at rehabilitation. If the Court does so there is no need for any educational, vocational training or other correctional treatment for Mr. Theunick. It is therefore argued that the analysis under 18 U.S.C. § 3553 (a) (2) also would mitigate against the guideline sentence in this matter.

Based upon the departure arguments and the variance arguments pursuant to 18 U.S.C. § 3553 Defendant Theunick respectfully requests a departure and/or variance of the guidelines and for the Court to grant him home confinement or probation in this matter.

                            RESPECTFULLY SUBMITTED,

                            S/David M. McCleary
                            DAVID M. MCCLEARY  (P36290)
                            Attorney for Gary J. Theunick

                            S/William H. Van Dusen, Jr.
                            WILLIAM H. VAN DUSEN, JR. (P23704)
                            Attorney for Gary J. Theunick