# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 05-CR-20002-1

GARY J. THEUNICK,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR BOND PENDING APPEAL

On August 31, 2007, a jury found Defendant Gary J. Theunick guilty of numerous counts of violating 18 U.S.C. § 371, 26 U.S.C. § 7206(2), 26 U.S.C. § 5861(d) and 26 U.S.C. § 5861(l). On March 14, 2008, Theunick filed a notice of appeal in this matter. The court sentenced Theunick to concurrent terms of imprisonment of 63 months. Currently before the court is Theunick's motion for bond pending appeal. For the reasons stated below, the court will deny the motion.

## I. STANDARD

Under 18 U.S.C. § 3143, the court is required to order the detention, pending appeal, of an individual who has been sentenced to a term of imprisonment, subject to a few exceptions. The Sixth Circuit has noted that § 3143 "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Specifically, § 3143(b) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term

of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

>(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>>(i) reversal,
>>
>>(ii) an order for a new trial,
>>
>>(iii) a sentence that does not include a term of imprisonment, or
>>
>>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in sub-paragraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

## II. DISCUSSION

### A.  18 U.S.C. § 3143(b)(1)(B)

In order to grant Theunick's motion for bond pending appeal, the court must find (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community and (2) that he has demonstrated that his

appeal will raise a substantial question of law or fact likely to result in a reversal, a new trial or a reduced sentence. 18 U.S.C. § 3143(b)(1). "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)). Courts have also held that a substantial question is "either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful." *United States v. Henson*, 663 F.Supp. 1112, 1113 (W.D. Ky. 1987) (citing *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)). The Sixth Circuit has also concluded that "mere identification of issues" is not sufficient to establish a substantial question of law or fact required by 18 U.S.C. § 3143(b)(1)(B). *United States v. Moore*, Nos. 88-5460, 88-5503, 1988 WL 63191, at *1 (6th Cir. June 16, 1988).

The record in this case spans nearly three and a half years and Theunick indicates that he intends to raise multiple issues on appeal. However, a defendant cannot satisfy § 3143(b)(1)(B) just because he raises multiple issues on appeal. Furthermore, a voluminous, complex and well-lawyered case is not necessarily more likely to raise substantial questions than a simple case.

The court finds that Theunick has failed to articulate substantial questions of law or fact. In his motion, Theunick lists several issues that he intends to raise on appeal. Among them: the statement of applicable law in the jury instructions; whether the charged offenses were appropriately attached; the constitutionality of the statutes under

which he was charged; whether publication and admission of certain evidence was erroneous; and whether the burden of proof was impermissibly shifted to the Defendant. Theunick merely identifies these appellate issues in his motion, however, and does not provide the court with any arguments as to why they present close or novel questions. The court delivered rulings on these issues throughout the course of this case and Theunick's motion gives the court no reason to question their validity. Merely stating an issue is insufficient to articulate substantial questions of law or fact required by § 3143(b)(1)(B), and the court will therefore deny Theunick's motion for bond pending appeal.

### B. 18 U.S.C. § 3143(b)(2)

Even if Theunick had established a substantial question of law or fact, however, it is not clear that he would be entitled to bond pending appeal. The Mandatory Detention Act established in 18 U.S.C. §3143(b)(2) requires detention pending appeal when the Defendant has been convicted of any crime listed in § 3142(f)(1)(A-C), which includes crimes of violence. A crime of violence is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). Although the Sixth Circuit has not specifically held that violations of 26 U.S.C. § 5861(d) are crimes of violence, the statutory language, the weight of authority of the U.S. Sentencing Guidelines and case law in other circuits persuade the court that Theunick's motion for release on bond pending appeal must be denied.

In the U.S. Sentencing Guidelines, a "crime of violence" is defined similarly to the definition provided in the Bail Reform Act:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2 (2004). According to the commentary, a violation of 26 U.S.C. § 5861(d), or more generally the unlawful possession of any weapons described in 26 U.S.C. § 5845(a), such as machine guns and silencers, are crimes of violence. *Id.* cmt. 1.

Although the Sixth Circuit has not spoken on the issue, a majority of the federal circuits have concluded that possession of NFA firearms is a crime of violence for the purposes of the Sentencing Guidelines. *United States v. Bishop*, 453 F.3d 30, 32 (1st Cir. 2006) (holding that prior conviction for possession of NFA firearm was a crime of violence for purposes of the Guidelines and noting that the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits had endorsed that view). These circuits have repeatedly emphasized that possession of NFA firearms is a particularly dangerous crime. *E.g.*, *United States v. Owens*, 447 F.3d 1345, 1347 (11th Cir. 2006) (holding that violations of § 5861(d) are crimes of violence for the purpose of sentencing because possession of NFA firearms "categorically presents the potential risk of physical injury"); *Bishop*, 453 F.3d at 31 (quotations, citation omitted) ("Congress has determined that those firearms described in 26 U.S.C. §5845(a) are inherently dangerous and when possessed

unlawfully, serve only violent purposes."). The Guidelines also explicitly distinguish between possession of NFA weapons, a crime of violence, and illegal possession of firearms by felons.[1] U.S.S.G. § 4B1.2 cmt. 1.

Application of the U.S.S.G. analysis of "crime of violence" to the Bail Reform Act is hardly a stretch given the similarity of the definitions. Several district courts throughout the nation have agreed that a violation of 26 U.S.C. § 5861(d) is a crime of violence for the purposes of the Bail Reform Act. *United States v. Stratton*, Nos. 00-0431, 01-0152, 2001 WL 527442, at *3 (D. Ariz. Apr. 24, 2001) (concluding that unlawful possession of a sawed-off shotgun in violation of §5861(d) was a "crime of violence" within the meaning of the Bail Reform Act); *United States v. Dodge*, 846 F.Supp. 181, 183-84 (D. Conn. 1994) (holding that conspiracy to possess and possession of unregistered silencer and pipe bomb were crimes of violence for the purposes of the Bail Reform Act); *United States v. Sloan*, 820 F.Supp. 1133, 1141 (S.D. Ind. 1993) (holding that possession of sawed-off shotgun was a crime of violence within the meaning provided by the Bail Reform Act); *United States v. Spires*, 755 F.Supp. 890, 893 (C.D. Cal. 1991) (holding that unlawful possession of multiple machine guns in violation of § 5861(d) satisfies 26 U.S.C. § 3156(a)(4)(B) because "by its very nature, [the offense] involves a substantial risk that physical force against the person or property of another may be used in the course of the unlawful possession"). It also

---

[1] The Circuits are split as to whether statutes criminalizing a felon's possession of a firearm are crimes of violence, but the Sixth Circuit has held that possession of a firearm and ammunition by a felon is not a crime of violence for the purposes of the Bail Reform Act. *United States v. Hardon*, No. 98-1625, 1998 WL 320945, at *1 (6th Cir. June 4, 1998). Despite this holding, the U.S.S.G. amended its commentary in 2004 to explicitly distinguish NFA possession and felon-in-possession statutes, so *Hardon* does not apply. § 4B1.2 cmt. 1.

6

bears mentioning that all of these decisions centered on pre-trial detention when the defendant was still presumed innocent. Here, that presumption has been removed due to Theunick's conviction. Based on the plain wording of the statutes and the great weight of authority of the USSG and federal case law, the court concludes that Theunick was convicted of multiple crimes of violence.

For all of the foregoing reason, Theunick's motion for bond pending appeal must be denied.

## III.  CONCLUSION

IT IS ORDERED that Theunick's motion for bond pending appeal [Dkt. # 213] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522